CRESS v. ESTES *et al.*

No. 6661.    Opinion Filed August 1, 1914.

(142 Pac. 411.)

1. **CONSTITUTIONAL LAW** — Amendment — Initiative Petition.
Where only a slight difference exists between the wording of the
ballot title in the copy of a petition initiating a proposed amend-
ment to the state Constitution, required to be filed in the office
of the Secretary of State, and the original petition signed by the
electors, which in no way substantially affects the proposed meas-
ure, held, that the procedure prescribed by the statute is sub-
stantially followed, and such error, being merely technical, will
be disregarded and the petition sustained.

2. **SAME**—Control by Judiciary.    The power to propose and adopt
a proposition of any nature and to amend their Constitution is
vested in the people of the state, and in the exercise of such
power they constitute the legislative branch of the government
and are not subject to interference or control by the judiciary.

3. **SAME**—Political Questions—Review—Initiative Petition.    Objec-
tions urged against the validity of proposed amendments to the
Constitution, to the effect that they are inimical to a republican
form of government, repugnant to the Constitution of the state
and of the United States, etc., are not the subject of review by
the Supreme Court in this appellate proceeding.

(Syllabus by the Court.)

In the matter of the Initiative Petition No. 44, State Ques-
tion No. 71.   Application of J. S. Estes and others for submis-
sion of a constitutional amendment.   Parker W. Cress and others
filed protests.   Protests overruled, and Parker W. Cress appeals.
Affirmed.

*Parker W. Cress,* for appellant.

*Ed Hirsch* and *Norman R. Haskell,* for appellees.

BLEAKMORE, J.   This is an appeal under the provisions
of section 3375, Rev. Laws 1910.   On July 2, 1914, there was
filed in the office of the Secretary of State initiative petition No.
44, state question No. 71, together with pamphlets containing
41,069 names, seeking to submit a proposed constitutional amend-
ment.   On the 9th day of July, 1914, Parker W. Cress and others

Cress v. Estes et al.

filed protests to said petition, and a hearing of said protest was had before the Secretary of State on the 15th day of July, 1914. Upon such hearing the Secretary decided that said petition was in the form required by the statute and in every way sufficient. Whereupon the cause was by appeal lodged in this court on the 27th day of July, 1914. The grounds of said protests are that said petitions were not signed by a sufficient number of legal petitioners; that said petitions are insufficient in form; that the proposed amendments are in conflict with the Bill of Rights and the Constitution of the United States; that the amendments are not submitted in conformity with the methods prescribed by the Constitution and the laws of the state; that the Attorney General of the state of Oklahoma is disqualified, by reason of his candidacy for office, to prepare a proper ballot title.

Section 3375, Rev. Laws 1910, provides:

"When citizens desire to circulate a petition initiating a proposition of any nature, whether to become a statute or an amendment to the Constitution, or for the purpose of invoking a referendum upon legislative enactments, such citizens shall, when such petition is prepared, and before the same is circulated or signed by electors, file a true and exact copy of same in the office of the Secretary of State, and within sixty days after the date of such filing the original petition shall be filed in the office of the Secretary of State, and no petition not filed in accordance with this provision shall be considered."

The copy filed in the office of the Secretary of State is not a true and exact copy of the original petition circulated and signed by electors and filed in the office of the Secretary of State on the 2d day of July, 1914, in that the ballot title on said copy reads:

"An amendment entitled: An amendment to sections 3 and 5 of article VII, to reduce the number of Supreme Appellate Courts of this state from two to one, styled 'The Supreme Court,' to comprise nine justices and one chief justice; fixing their terms and methods of election; prescribing their qualifications; defining their duties, powers and accountability; providing for escheats to the state in judicial proceeding; to facilitate the business of the court, and to repeal sections 22 and 23, of article VII, in conformity thereof."

While upon the petitions, as circulated and signed, the ballot title appeared in the following language:

"An amendment entitled: The gist of the proposition is to amend sections 3 and 5 of article VII of the state Constitution by reducing the number of final appellate courts in the state from two to one, styled 'The Supreme Court,' to comprise nine associate justices and one chief justice; fixing their terms and methods of election; prescribing their qualifications; defining their duties, powers and accountability; providing for escheats to the state in judicial proceeding; to facilitate the business of the court, and to repeal sections 22 and 23, of article VII, in conformity thereto."

It is conceded that said ballot title is a necessary part of said petition. The language of said section being mandatory in requiring that the copy referred to be a true and exact copy of the original petition, if there were no other provisions of the statute on the subject, the court would be compelled to hold the difference in the wording of the copy and the original petition sufficient to prevent its consideration by the Secretary of State, or by this court when presented here; but by section 3393, Rev. Laws 1910, it is further provided, with reference to the procedure:

"The procedure herein prescribed is not mandatory, but if substantially followed will be sufficient. If the end aimed at can be attained and procedure shall be sustained, clerical and mere technical errors shall be disregarded."

And it is provided by section 3376 of said chapter:

"When a measure is proposed as a constitutional amendment by the Legislature, when the referendum is ordered against any measure passed by the Legislature, or when any measure is proposed by initiative petition, whether as an amendment to the Constitution or as a statute, it shall be the duty of the parties submitting such proposition to prepare and file one copy of same with the Secretary of State and one copy with the Attorney General, such copies to contain a ballot title of not exceeding one hundred words, which shall contain the gist of the proposition without any argument or statement either for or against such measure. Within three days after filing of such copy and ballot title.with the Attorney General, he shall, in writing, notify the Secretary of State whether or not such proposed ballot title is in legal form and in harmony with the law."

Inasmuch as the slight difference in the wording found in the ballot title of the copy filed before the same was circulated

and signed and that in the original petition, arising by reason of the fact that there was a change made in such ballot title by the Attorney General to conform to his opinion as to the law, affects in no way the substance or form of the proposed measure, we are constrained to hold that there was a substantial compliance with the procedure prescribed by the statute; and that, if there was error, it was merely technical and must be disregarded and the petition sustained.

From an examination of the record, we are not prepared to say that the petition is not in the form required by the statute. The evidence discloses the fact that the petitions are signed by a sufficient number of qualified electors to initiate the proposed amendment.

The law devolves upon the Attorney General of the state the duty to determine whether the ballot title to such an initiative petition is in proper form, and if not, within three days, to prepare and file a title which, in his opinion, does conform to the law. The fact that the Attorney General is a candidate for office and the champion of the proposed amendments does not disqualify him to perform such duties nor in any manner affect the validity of such amendments.

There are other serious objections urged against the validity of the proposed amendment, to the effect that they are inimical to a republican form of government, repugnant to the Constitutions of the state and of the United States, etc., but it must be remembered that this is a special statutory proceeding wherein the jurisdiction of this court is purely appellate and limited by the statute to the proposition above discussed.

Generally the power to propose and adopt a proposition of any nature and to amend their Constitution is vested in the people, and in the exercise of such power they constitute the legislative branch of the state government, and are not subject to interference or control by the judiciary. It is within the power of the courts to determine what the law is, after it has been enacted, and whether it conflicts with the provisions of the federal Constitution; but the courts are without power to say what law shall or shall not be enacted. The powers of the courts are exercised

when questions arise in causes brought before them in the ordinary course of litigation, in passing upon the substantial rights of parties thereto; and then only are they called upon to decide whether a law has been legally enacted, or whether any change in the Constitution has been legally effected.

From an examination of the entire record, we find that the petitions are valid in form as required by the statute, are signed by a sufficient number of citizens and legal voters of the state, and should be submitted to the qualified electors of this state.

For the reasons above set forth, the action of the Secretary of State is hereby affirmed. On the authority of this case, the decisions of the Secretary of State in appeal cases numbered 6662 and 6684 are also affirmed.

All the Justices concur, except LOOFBOURROW, J., absent and not participating.