The Attorney General has received your request for an opinion wherein you ask the following questions: 1. "If a person proposing to circulate an initiative or referendum petition seeks to have the ballot title examined at the time of the initial filing — when does the 90 day circulation period begin?" 2. "Must the initiative petition contain a ballot title before circulation? If so, must it be an approved ballot title?" In order to properly premise the answer to your first question, it is important to give full consideration to the statutory procedure for submitting ballot titles for initiative and referendum measures to the Attorney General. Title 34 O.S. 9 [34-9](A) (1975), provides in pertinent part: "When a measure is proposed as a constitutional amendment or legislative enactment by the Legislature, when a referendum is ordered against any measure passed by the Legislature, or when any measure is proposed by initiative petition, whether as an amendment to the Constitution or as a statute, it shall be the duty of the parties submitting such proposition to prepare and file one (1) copy of same with the Secretary of State and one (1) copy with the Attorney General, such copies to contain a ballot title . . . ." (Emphasis added) Title 34 O.S. 9 [34-9](B) (1975), provides that the Attorney General shall, within three days after receipt of the initiative of referendum measure containing a ballot title, examine said title and notify the Secretary of State whether the same is in legal form and in harmony with the law. If the Attorney General determines that the proposed ballot title is not in proper form, it is his duty, under 34 O.S. 9 [34-9](B), to prepare and file with the Secretary of State a ballot title which does conform to the law within the three day period. Thereafter, any person dissatisfied with the wording of the approved ballot title may, within ten days after the same is filed by the Attorney General, appeal to the Oklahoma Supreme Court by petition in which shall be contained a substitute ballot title. 34 O.S. 10 [34-10] (1975). Upon the hearing of the appeal, the Supreme Court may correct or amend the ballot title approved by the Attorney General, accept the substitute suggested or draft a new title. 34 O.S. 10 [34-10] (1975). As to when the duty under 34 O.S. 9 [34-9](A) to submit the proposed ballot title to the Attorney General accrues, In re Initiative Petition No. 2 of Cushing, 157 Okl. 54,10 P.2d 271 (1932), is instructive with respect to initiative measures. In the case, the Court specifically considered the phrase "when any measure is proposed by initiative petition", as appeared in the predecessor statute to 34 O.S. 9 [34-9], and stated in the syllabus of its opinion that: "An initiative measure is propose when it is found to be sufficient in form by the authority authorized by law to pass upon and determine the sufficiency thereof and such finding and determination has been final." (Emphasis added). See also In re Initiative Petition No. 1, City of Drumright, Okl., 298 P.2d 409 (1956), and In re Initiative Petition No. 142, State Question No. 205,176 Okl. 155, 55 P.2d 455 (1936). Regarding the issue of when the duty arises under 34 O.S. 9 [34-9](A) to submit the proposed ballot title to a referendum measure of the people to the Attorney General, the court, in State v. Beard, Okl.,264 P.2d 305 (1953), specifically considered the phrase "when the referendum is ordered" as appeared in 34 O.S. 9 [34-9] (1951), and, in construing the same, followed its previous rulings in In re Petition No. 2 of Cushing, supra, and In re Initiative Petition No. 142, State Question No. 205, supra. As to when the determination of the sufficiency of the form of an initiative or referendum measure has become final, reference must be made to 34 O.S. 8 [34-8] (1973), which provides that, upon the filing of the circulated and signed copies of the petition with the Secretary of State, the Supreme Court shall cause a physical count of the number of signatures on such copies to be made. 34 O.S. 8 [34-8] further provides that it is the duty of the Secretary of State, upon order of the Supreme Court, to cause notice to be published setting forth the filing of the signed petitions and the apparent sufficiency or insufficiency thereof, such publication to give notice that any citizen may file a protest to the petition or an objection to the signature count by written notice to the Court. If no protests are filed nor objections made, the initial determination as to sufficiency of the petition becomes final. Upon receiving a timely protest or objection, the Supreme Court will conduct a hearing and make a final determination whether the petition is in legal form. At this point, the duty arises to submit a copy of the proposed ballot title to the Attorney General. With respect to the first question asked, it is apparent that the Legislature, in enacting 34 O.S. 9 [34-9](D) (1975), has provided an alternative time for a citizen desiring to circulate an initiative or referendum measure to submit a copy of the proposed ballot title thereto to the Attorney General for review. 34 O.S. 9 [34-9](D) provides as follows: "Persons proposing to circulate an initiative or referendum petition may file with the Attorney General, within ten (10) days after filing a true and exact copy of said petition in the office of the Secretary of State, a copy of a proposed ballot title prior to the circulation of the initiative or referendum petition, which ballot title shall be processed as otherwise provided in this act prior to the circulation of the initiative or referendum petition and in which event it need not be submitted for any further approval thereafter." The filing with the Secretary of State referred to in 34 O.S. 9 [34-9](D) and which you refer to in your question as the "initial filing" is set forth in 34 O.S. 8 [34-8] (1973), wherein it is provided that, "When a citizen or citizens desire to circulate a petition . . . such citizen or citizens shall, when such petition is prepared, and before the same is circulated or signed by electors, file a true and exact copy of same in the office of the Secretary of State . . . ." In view thereof, the alternative time for submission of the proposed ballot title to the Attorney General under 34 O.S. 9 [34-9](D) is at any point within ten days after the pre-circulation filing of a copy of the petition with the Secretary of State. As reflected in your question, there are certain time limits upon the period of time in which an initiative or referendum measure may be circulated for signatures. With respect to initiative petitions, 34 O.S. 8 [34-8] provides that the circulated and signed copies thereof must be filed with the Secretary of State within 90 days after the pre-circulation filing of the petition. In In re Initiative Petition No. 281, State Question 441, Okl.,434 P.2d 941 (1967), apparently the only case in which the "90 day" provision has been construed, the Court held that the 90-day period commences to run with the pre-circulation filing of a true and exact copy of the petition bearing the same initiative petition number and state question number as appear on the signed copies. Regarding referendum petitions, 34 O.S. 8 [34-8] merely provides that the signed copies thereof must be filed with the Secretary of State "within 90 days after the adjournment of the Legislature enacting the measure on which the referendum is involved." Nevertheless, it is apparent that if the proposed ballot title to initiative measure is filed with the Attorney General for review in accordance with 34 O.S. 9 [34-9](D), the 90-day period for circulation does not begin to run until such title has been "processed as otherwise provided in this act", which phrase contemplates the running of the 3-day review period of the Attorney General, the running of the 10-day period for filing of appeals on the title approved by the Attorney General and the exhaustion of any such appeal timely filed. 34 O.S. 9 [34-9](D) clearly and unequivocally states that a person "proposing to circulate" an initiative petition may, within ten days after the pre-circulation filing thereof with the Secretary of State, file with the Attorney General a copy of a proposed ballot title "prior to the circulation" of the petition which shall be processed "prior to the circulation" of said petition. By disallowing circulation during the processing period of the ballot title, it is reasonable to conclude that the Legislature intended the full period for circulation to be tolled from running during such period. Indeed, legislative enactments must be interpreted in accordance with their plain and ordinary meaning according to the import of the language used therein. Alfalfa Elec. Coop., Inc. v. First Nat. Bank and Trust Co. of Oklahoma City, Okl., 525 P.2d 644 (1974). Where the language of a statute is plain and unambiguous, there is no room for construction thereof. Cavett v. Geary Bd. of Ed., Okl.,587 P.2d 991 (1978). Furthermore, even though In re Initiative Petition No. 281, State Question 411, supra, would appear to contradict such finding, the case involved an interpretation of the terms of 34 O.S. 8 [34-8] only (and other provisions immaterial hereto) and concerned no issues relative to the ballot title provisions of 34 O.S. 9 [34-9], in particular, the alternative procedure for ballot title review set forth in that section. Therefore, the case is not instructive as to the issue presently involved nor is the result reached herein inconsistent therewith. The result reached herein is also consistent with the result reached in In the Matter of State Question No. 541, Okl., 601 P.2d 103 (1979), even though the case was disposed of by Memorandum Opinion By Order which did not set forth the facts in controversy. Moreover, the result reached herein is consistent with the apparent purpose behind 9(D), that being to allow a person desiring to circulate an initiative or referendum petition to enjoy the right to circulate the same with a ballot title in proper legal form. Of course, the 90-day period will commence to run in accordance with the finding herein only if the person seeking initial review of ballot title under 34 O.S. 9 [34-9](D) refrains from circulating the petition until such time as the title has been processed. Commencement of circulation of the petition at any point prior to this time would constitute a waiver of the right to defer the running of the 90-day period. Additionally, with regard to referendum petitions, 34 O.S. 9 [34-9](D) does not serve to alter the date by which the circulated and signed copies of such petition must be filed. Title 34 O.S. 8 [34-8] (1973), while indicating the number of days allowed for circulation of an initiative petition and indicating the date upon which the circulation period for such petitions ordinarily commences to run, merely provides, for referendum measures, the date by which the signed copies thereof must be filed, that being within 90 days after the adjournment of the Legislature enacting the measure on which the referendum is invoked. Therefore, it must be concluded that, regardless of whether review of the proposed ballot title to a referendum measure is sought under 9(A) or 34 O.S. 9 [34-9](D), the signed copies of the petition must be filed with the Secretary of State in accordance with the terms of 34 O.S. 8 [34-8]. Regarding your second question whether an initiative petition must contain a ballot title before circulation, 34 O.S. 2 [34-2] (1971), sets forth the form for an initiative petition which indicates the location within the petition for inclusion of "the title and text of the measure." (Emphasis added) Section 2, by itself, does not indicate whether such term means a ballot title or a title of the form characteristic to acts of the Legislature. However, 34 O.S. 12 [34-12] (1971), enacted along with 2 in 1910, indicates that the term "title" as used in 2 means ballot title in that 12 provides that "whenever a petition is accepted and its title has been decided upon," the Secretary of State shall notify the Governor who shall forthwith issue a proclamation setting forth the measure and the date of the vote thereon. When "its title has been decided upon" undoubtedly refers to approval of the ballot title by the Attorney General. Additionally, 34 O.S. 12 [34-12] was amended in 1975 to provide that "when the ballot title has been decided upon," the Secretary of State shall notify the Governor, such amendment further indicating the synonymity of the terms "title" and "ballot title." Indeed, the Court has used the terms interchangeably. See In re State Question No. 377, Initiative Petition No. 260, Okl.,299 P.2d 532 (1956). Furthermore, all doubt appears to be removed by the case of Cress v. Estes, 43 Okl. 213,142 P. 411 (1914). In premising its consideration of the difference in wording of the ballot title contained in the initiative petition prior to circulation and the ballot title contained in the petition during circulation, the court succinctly stated, "It is conceded that said ballot title is a necessary part of said petition." See also the dissent in State v. Beard, supra. Accordingly, a ballot title must be included in the petition along with the text of the measure when the petition is prepared. As to whether the ballot title appearing in the initiative petition as initially filed and circulated must be an approved ballot title, reference to previous discussion herein should be made. As initially stated, under 34 O.S. 9 [34-9](A) the duty of one circulating an initiative or referendum petition to submit a copy of the proposed ballot title to the Attorney General for his review does not arise until such time as the petition has been circulated, the signed copies thereof have been filed with the Secretary of State, and the determination as to the sufficiency of the petition has become final. To require that the ballot title appearing in the petition during circulation be one approved by the Attorney General is totally inconsistent with such statutory procedure. As stated in In re Initiative Petition No. 1, City of Drumright, supra: "34 O.S. 9 [34-9], supra 34 O.S. 9 [34-9], provides that when a measure is proposed by initiative petition the proponents shall file one copy of same containing a ballot title with the city clerk and the city attorney, and the city attorney is charged with a duty to approve the ballot title as sufficient under the law, or otherwise to prepare and file a ballot title which does conform to the law. "It is apparent that the aim of the prescribed procedure is to secure a proper ballot title to the proposal before it is submitted at an election and that time is a necessary element only in that such proper ballot title is attained before the submission of the proposition at election." Information in brackets added Accordingly, it is the official opinion of the Attorney General that your questions be answered as follows: 1. An initiative petition must contain a ballot title; however, pursuant to 34 O.S. 9 [34-9](A) (1975), the duty to submit a copy of the proposed ballot title to the Attorney General for review does not arise until such time as the signed copies of the petition have been filed with the Secretary of State and the determination as to the sufficiency of the petition has become final. 2. As an alternative, pursuant to 34 O.S. 9 [34-9](D) (1975), a person proposing to circulate an initiative or referendum petition may, within ten days after the pre-circulation filing of the petition with the Secretary of State, file with the Attorney General a copy of the proposed ballot title prior to the circulation of the petition which shall be reviewed and processed prior to the circulation of the petition. 3. If the proposed ballot title to an initiative measure is submitted to the Attorney General in accordance with 34 O.S. 9 [34-9](D) (1975), the 90-day period for circulation does not commence until the proposed title has been reviewed by the Attorney General, the 10-day period to appeal the ballot title approved by the Attorney General has run, and any appeals timely filed have been exhausted. The signed copies of a referendum petition must be filed with the Secretary of State within 90 days after the adjournment of the Legislature enacting the measure on which the referendum is invoked. (BRENT S. HAYNIE) (ksg)